# 698-15

## In The
## Court Of Criminal Appeals
## Of Texas

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 10 2015

Abel Acosta, Clerk

Jimmy Dewayne Hill,
Petitioner.

V.

The State Of Texas,
Respondent.

§

§ Case No._____
(Supplied by the Clerk Of the Court)

§

FILED IN
COURT OF CRIMINAL APPEALS

JUN 10 2015

Abel Acosta, Clerk

## Petition For Discretionary Review

To The Honorable Justice Of Said Court:

Now Comes, Jimmy Dewayne Hill, "Petitioners" in the above entitled and numbered cause and respectfully seeks review and remand of his case to the Fifth District Court Of Appeals for further proceedings in the interest of justice and in support would show this court:

### Procedural History

1.    On 07-07-2009 the Petitioner entered an Open Plea of Guilty and a plea of guilty/true to the enhancement paragraphs alleged in the indictment,(CCR. 8. 11.12 ) to the Offense of Aggravated Robbery with a Deadly Weapon to wit: A Motor Vehicle, as alleged in the

1.

indictment.(C.R.8) In the 363rd Judicial District Court Of Dallas County. Texas. in Cause No. F09-53582-W. (R.R. Vol 2)

2.    On 07-24-2009 the Trial Court determined that the evidence substantiated my plea and deferred an adjudication of guilt and placed the petitioner on 5 Years Probation and inter alia ordered the petitioner to attend S.A.F.P.F. (Substance Abuse Felony Punishment Facility) (C.R. 13.14)

3.    The Petitioner remained incarcerated from the date of arrest (04-06-2009) until he was released from S.A.F.P.F. upon successful completion (see: C.R. 23.50) whereupon the petitioner was transferred to attend a residential treatment facility pursuant to the Trial Courts Order (see: C.R. 23) at Help Is Possible /Dallas 723 S. Peak St. Dallas. TX. .wherein the Petitioner attended from approximately 10-10-2010 until 01-10-2011 and successfully discharged said program.

4.    The Petitioner subsequently violated the terms and conditions of his probation and was arrested on 03-18-2011. and on 05-06-2011 the Petitioner Plead True to the Revocation allegations for an agreed upon sentence of 14 Years T.D.C.J. with the Petitioner's back time credits from 04-06-2009 until 05-06-2011 as stipulated in the Plea Agreement (see: C.R. 32.33)

2,

5. On 01-19-2012 Petitioner filed an Application For Writ Of Habeas Corpus challenging the validity of his conviction Under Article 11.07 C.C.P. and seeking enforcement of the plea agreement for pre-sentence back time credits said application was dismissed pursuant to Government Code §501.0081: ancillary cause no. W0953582-W-(A). CCA. Writ No. 77,978-03.

6. On 12-17-2012 Petitioner refiled an Application For Writ Of Habeas Corpus challenging the validity of his conviction and seeking enforcement of the plea agreements' stipulation for pre-sentence back time credits said application was denied without written order, however the trial court in it's recommendation stated that the Petitioner was entitled to his back time credits and that the court would issue a nunc pro tunc order awarding the Petitioner his back time credits pursuant to Article 42.03 § 2 C.C.P. (NO Order Was Entered): ancillary cause no. W09-53582-W (B), C.C.A. Writ No. 77,978-06

7. The Petitioner filed a Motion For Nunc Pro Tunc Order (C.R. 64-66) in July 2014. On July 22, 2014 Petitioners Motion was Granted and a Nunc Pro Tunc Order was entered. (C.R. 76) To the Petitioner the order was vague and ambiguous and was not accompanied by an amended/corrected judgment which reflects that the Deadly

3.

Weapon Finding was removed, and or corrected to state "A Motor Vehicle" instead the judgment states "A Firearm" (see: C.R. 13-14, 35-37) and an amended/corrected judgment which reflects all of the petitioner's back-time credits, thus the petitioner filed a Notice Of Appeal (see: C.R. 119-121, see also C.R. 130-131)

8.    On 10-30-2014 5th Court Of Appeals Justice Ada Brown issued an order abating the appeal for 30 days stating among other things that the nunc pro tunc order was issued with a complete absence of due process, with no counsel, no hearing, no court reporter. On 11-14-2014 the Trial Court issued another nunc pro order recinding her previous order, also without notice, due process, counsel, hearing, or a court reporter and service of said order. The Petitioner had no knowledge of the order until the Appellate Court Clerk forwarded the Trial Court Clerks Record in February 2015 and ordered the Petitioner to file an amended Appellates brief with the appropriate citations from the Clerks Record.

9.    On 05-18-2015 Petitioner's appeal was dismissed for want of jurisdiction due to the Title of his Notice Of Appeal (C.R. 119-121) and the challenge to the judgment of conviction as void, in addition to seeking the relief sought in the Petitioner's Nunc Pro Tunc Motion (C.R. 64-66) Appeal No. 05-14-01067-CR.

4.

The Petitioner's" Notice Of Appeal From The Judgment Of Conviction Pursuant to Rule 329b T.R.C.P." is sufficient to confer jurisdiction upon the appeals court. wherein the July 22,2014 Nunc Pro Tunc Order is stipulated to reflect timeliness of the notice, and the title is irrelevant to the content of a motion or notice.

## II Issues For Review

1. Is The Petitioner entitled to the review of the plain errors cited by Justice Ada Brown in the Appeals courts order dated October 30,2014, and review of those same plain errors with respect to the Trial Courts November 14,2014 Nunc Pro Tunc Order which was also entered without due process, notice, hearing, counsel, or a court reporter?

2. Is The Petitioner entitled to have his judgment amended and or corrected to speak the truth which is that the Deadly Weapon was a "Motor Vehicle" and not a "Firearm"?

3. Is The Petitioner entitled to all of his pre-sentence back time credits pursuant to Article 42.03 §2, and under an enforcement of the plea agreement?

4. Assuming that a void judgment can be raised in any proceeding, is an appeal from a nunc pro tunc order a place to challenge a judgment of conviction as void?

5.

5. Is the Trial Courts July 22.2014 and November 14.2014 Nunc Pro Tunc Orders void as the orders were entered without notice, hearing, counsel and due process, and without counsel?

6. Is the Petitioners Judgment of Conviction a miscarriage of justice due to the lack of a factual basis for the plea Fed. R. Crim. P. 11 (b)(3), and/or the lack of sufficient competent evidence to substantiate the existence of each essential element of the offense Article 1.15 CCP. in light of the victims citation of the undisputed facts?

7. Is the Petitioners Judgment Of Conviction void due to the Trial Courts lack of jurisdiction because of a fundamentally defective indictment?

## III. Statement Of The Case

The Petitioner is entitled to Due Process & Equal Protection of the law, and entitled to a factually valid indictment based upon a set of facts relayed to the police and prosecutor by the victim. The Petitioner is entitled to have his judgment speak the truth pursuant to the plea agreement entered thus entitling him to a valid Deadly Weapon finding based on facts and a judgment which reflects all of his pre-sentence credits

# IV Arguments & Authorities

1.   The Petitioner's indictment is fundamentally defective as it does not meet the constitutional requisites of a charging instrument thus rendering the Petitioners Judgment Of Conviction void. Nix v. State 65 S.W. 3d 668-69 ; Garcia v. Dial 596 S.W. 2d 524, 527 (Tex. Crim. App. 1980) "It is well settled that a valid indictment...is essential to the district courts jurisdiction in a criminal case. The Petitioner's indictment contains 3 statutory violations pursuant to Articles 21.08, 21.09, and 21.15 wherein the indictment fails to allege the stolen property, the owner of the stolen property, and the element of recklessness.

2.   The Indictment (C.R. 8) alleges that the Petitioner committed a theft of an unspecified item of property and an assault on Gilbert Quesada with a Deadly Weapon, thus the Petitioner was deprived of notice of what he is accused of stealing, and the Petitioner is not protected from being subjected to a charge of theft for the un alleged property thus the indictment does not satisfy the 5th Amendments Constitutional requirements that notice must come from the face of the indictment and that said notice must prevent against double jeopardy. Stirone v. U.S 361 U.S. 212 (1960) ; Ex Parte Bain 121 U.S 1 (1887) ; U.S v. Henry 288 F3d 657 (5th Cir. 2002) ; Valentine v. Kontech 395 F3d 626 (6th Cir. 2005)

7.

U.S. v. Hitt 249 F 3d 1010 ,1026 (D.C. Cir. 2001)

3.      Ex Parte Spaulding 687 S.W. 2d a 745 "A void judg-
ment is a nullity from the beginning. and is attended
by none of the consequences of a valid judgment. It is
entitled to no respect whatsoever because it does not
affect .impair .or create legal rights."

4.      The Appeals courts dismissal for want of jurisdiction
was unconstitutional because a guilty plea does not
waive jurisdictional errors Menna v. N.Y. 423 U.S. 61,
63 (1975) "factual guilt must be validly established Id
at 63 n.2 . U.S. v. Thompson 702 F3d 604. 606 (11th Cir. 2011)
"guilty plea did not waive argument that indictment failed
to charge offense". U.S. v. Delgado -Garcia 374 F3d 1337,
1341 (D.C. Cir. 2004)

5.      There is no factual basis for the Petitioner's plea to
aggravated robbery with a deadly weapon. When the Pet-
itioner entered his plea on 07-07-2009 he did not know
that he fails to know what acts constitute the charge
and when the court accepted his plea and deferred his
guilt he felt that he was guilty of the charge.
When the victim Gilbert Quesada the victim testified, the
Petitioner did not know that the testimony was favorable
and exculpatory because he didn't understand the acts
which constitute the offense and he just depended on

8.

the mercy he sought from the Court which is why he chose to go open plea. No one including the court the prosecutor, or counsel told me the elements of the offense (see: U.S. v. Abernathy 83 F3d 17,19 (1st Cir, 1996).

6. There is no factual basis for the Petitioner's Plea or the allegations in the indictment thus the Petitioner's conviction is a miscarriage of justice. 07-24-2009 the victim testified that when he came out of the house his car was already gone, and that he had a conversation with his coworker/friend and how upon discovering the vehicle had been stolen they set out in another vehicle to search for, locate, and attempted to recover the vehicle, and how Mr. Quesada found the Petitioner parked at a gas station and how Mr. Quesada ran up to the vehicle and initiated contact with the Petitioner who was sitting parked at idle at the gas station and how he was hurt when the Petitioner sped away in the vehicle (see: RR Vol 3 P. 6, Ln. 5-16) Counsel Garu Uhell asked Mr. Quesada 2 Questions: "So, You didn't see your car when it was taken?" Mr. Quesada answered "No" (see: RR Vol 3 P.11 Ln. 6-8), and, "So you hadn't followed the person who stole your car to the gas station, in other words you weren't in hot pursuit? Mr. Quesada answered "No" (See: RR. Vol 3 P.11 Ln. 9-13)

9.

7.	The State did not dispute the victims version of events and the Petitioner did not contest those facts however the court did not consider the victims testimony when it was constitutionally and statutorily required to hear evidence to substantiate the plea pursuant to Article 1.15 C.C.P. thus disregarding the lack of a factual basis for the plea. McCarthy v. U.S. 394 U.S. 459, 467 (1969); U.S. v. Gobert 139 F3d 436 (5th Cir. 1998); U.S. v. Carter 117 F3d 262,264 (5th Cir. 1997); U.S. v. Monzon 429 F3d 1268, 1271-72 (9th Cir. 2005); U.S. v. Culbertson 670 F3d 183,192 (2d Cir. 2012); U.S. v. Goldberg 862 F2d 101,109 (6th Cir. 1988); U.S. v. Moran 452 F3d 1167,1172 (10th Cir. 2006); U.S. v. Heid 651 F3d 850,855-56 (8th Cir. 2011)

8.	U.S. v. Gobert 139 F3d 436 (5th Cir. 1998) "Defendant who claimed in post conviction proceeding that he was being incarcerated for conduct that did not violate statute prohibiting use or carrying firearm during and in relation to drug trafficking offense . . . requiring proof that defendant actually employed firearm during predicate drug offense to support conviction under "use" prong of statute, made substantial showing of denial of his right to due process under 5th Amendment USCA." "We conclude, in fact, that the claim falls squarely within the ambit of the Fifth Amendment. Indeed the well settled

10.

case law of this and other courts compels such a conclusion."
"Our sister circuits have held that a fundamental defect resulting in a complete miscarriage of justice is tantamont to a violation of the due process clause of the Fifth Amendment" Id at 438

9.    In Gobert he relied on retroactive application of the Supreme Courts intepretation of the statute under which he was convicted as it existed when he was convicted, in Bailey. 116 S.Ct. 501 . Similarly if prior case law and interpretations in Texas authorized my conviction for aggravated robbery. then the Court of Criminal Appeals interpretation of the Aggravated Robbery Statutes' definition codified at Penal Code§ 29.01.§29.03 of what acts constitute "Robbery" and "Use" of a deadly weapon "while during the course of the theft .or in the immediate flight from the scene of the theft" would provide a basis for relief for the petitioner. See: Sweed v. State 351 S.W. 3d 63 (Tex. Crim.App. 2011) Sweed's conviction offense occorred in 2009.

10.    On petition for discretionary review the Court held that no rational jury would have convicted Sweed because there was no contact with the victim of the theft "while during the course of the theft .or in the immediate flight from the scene of the theft" wherein the

threats made by Sweed with a knife occurred after the theft was complete, and said threats did not occur immediately after the theft thus the knife was not used to effectuate the theft or the flight from the scene of the theft.

11. Simply put the Petitioner was entitled to a rational fact finder in the evidentiary determination process, and a fact finder who has a knowledge of the acts and or elements which constitute a violation of the Aggravated Robbery Statute. Any rational fact finder can clearly see that there was no contact with the victim Gilbert Quesada during the theft or in the immediate flight from the scene of the theft; additionally this definition also appears in Penal Code §9.41 Protection of Ones own Property Pursuant to said law Mr. Quesada was not justified in using force to recover his stole[n] property as the theft was accomplished and completed without any contact, force, threat or violence. Mr. Quesada took the law into his own hands.

12. Pursuant to State and Federal Law possession of illegal or unlawful property can serve as the basis for a robbery or attempted robbery. Mr. Quesada was the person committing a robbery because the Petitioner had possession of the vehicle after the completed theft,

12.

in our society the police exist to enforce the law, specifically to recover stolen property. Vigilanteism should not be condoned or tolerated.

13.     In re Gomez 268 S.W.3d 262 a Plea Agreement is enforceable for credit for time already served. I argue that it is apparrent that the court has no intent to award me my back time credits which total 1 Year and 11 Months thus I am serving more than 14 Years and I am ineligible for consideration for release on parole for approximately a year and a half more than what I should be. I currently do not see the Parole Board until September 2017 when in fact it should be June or July of 2016.

## Prayer For Relief

Wherefore premises considered the Petitioner prays this court grant relief in the interest of justice and remand the case for appeal on any cognizable issue on appeal to the 5th Court Of Appeals in Case No. 05-14-01067-CR.

Respectfully Submitted

Jimmy Hill Petitioner

## Inmate Declaration

I, Jimmy Hill, T.D.C.J. No. 1719333, being presently incarrerated in T.D.C.J.-ID Boyd Unit, declare under penalty of perjury

13.

that the foregoing statements are true and correct. Signed on this the 31st day of May 2015.

Jimmy Hill-Petitioner

## Certificate Of Service

I, Jimmy Hill, verify and declare under penalty of perjury that the foregoing has been served on the Respondent: The Dallas County District Attorney's Off- via first Class U.S. Mail on this the 31st day of May

Jimmy Hill-Petitioner

14.

**Dismiss and Opinion Filed May 18, 2015**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-14-01067-CR

JIMMY DEWAYNE HILL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F09-53582-W

# MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Brown
Opinion by Chief Justice Wright

Jimmy Dewayne Hill was convicted, following the adjudication of his guilt, of aggravated robbery with a deadly weapon. Sentence of fourteen years' imprisonment was imposed on May 12, 2011. The Court now has before it the State's motion to dismiss the appeal stating that appellant's notice of appeal, which does not challenge the trial court's orders nunc pro tunc, is untimely as to the May 12, 2011 sentencing date.

On July 11, 2014, appellant filed a pro se motion for nunc pro tunc order to delete the deadly weapon finding from the trial court's judgment. On July 22, 2014, the trial entered a nunc pro tunc order that states "Court did no finding of deadly weapon at the time of revocation." On August 15, 2014,[1] appellant filed a pro se notice of appeal that does not

---

[1] The notice of appeal was filed in this Court first, then transmitted to the Dallas County District Clerk's Office. *See* TEX. R. APP. P 25.2(e).

challenge the nunc pro tunc order itself, but uses the entry of the nunc pro tunc order to challenge the validity of the underlying conviction. On November 4, 2014, the trial court entered a second nunc pro tunc order that states,

> [t]he nunc pro tunc entered July 22, 2014, ordering that the court did not find a deadly weapon at the time of revocation was in error. The record shows that the defendant pled guilty to aggravated robbery with a deadly weapon, which necessarily includes a finding of a deadly weapon. Judge Holmes does not believe this requires a separate finding of a deadly weapon. This order corrects the nunc pro tunc order entered on July 22, 2014 in Volume 509, page 472.

Appellant did not file a new notice of appeal following the entry of the November 4, 2014 nunc pro tunc order.

In its motion to dismiss, the State asserts that this Court lacks jurisdiction over the appeal because appellant's notice of appeal, while timely as to the July 22, 2014 order, does not challenge that order. Rather, appellant challenges the underlying conviction, and the September 2, 2014 notice of appeal is not timely as to the May 12, 2011 sentencing date. The State further asserts that the August 15, 2014 notice of appeal is not effective as to the later-entered November 4, 2014 nunc pro tunc order. Appellant responds that the trial court failed to award appellant all of his back time credit, for which he "properly" sought a nunc pro tunc judgment, no new notice of appeal is needed because all of his post-conviction motions are properly included within the scope of the appeal, the judgment of conviction is void. We agree with the State that we lack jurisdiction over this appeal.

"Jurisdiction concerns the power of the court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is

−2−

authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 697–97 (Tex. Crim. App. 2008)).

Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 645, 646 (Tex. Crim. App. 2004); *see also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (providing right to appeal by defendant). To invoke this Court's jurisdiction, an appellant must file his notice of appeal within the time provided by the Texas Rules of Appellate Procedure. *See Blanton*, 369 S.W.2d at 902; *Olivo*, 918 S.W.2d at 523; *see also* TEX. R. APP. P. 26.2(a) (time to file notice of appeal); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

A nunc pro tunc order is appealable, *see Blanton*, 369 S.W.3d at 904, and appellant's August 15, 2014 notice of appeal is timely as to the July 22, 2014 nunc pro tunc order. *See* TEX. R. APP. P. 25.2(e), 26.2(a)(1). The notice of appeal, however, does not attack the July 22, 2014 order, which was, in fact, favorable to appellant. Rather, the notice of appeal uses the entry of the nunc pro tunc order as a basis for attacking the underlying judgment of conviction.

The purpose of a nunc pro tunc order is to correct a clerical error in a judgment; it may not be used to correct judicial errors. *See Blanton*, 369 S.W.3d at 898. Appellant seeks to use the July 22, 2014 nunc pro tunc order to change, on appeal, the judicial determination of his underlying conviction, which is not a permissible purpose of the nunc pro tunc order. *See id.* Appellant was sentenced in open court on May 12, 2011, and the August 15, 2014 notice of appeal is untimely as to that date. *See* TEX. R. APP. P. 26.2(a)(1); *Blanton*, 369 S.W.2d at 902; *Slaton*, 918 S.W.2d at 210.

Moreover, when the trial court entered the second nunc pro tunc order on November 4, 2014, which was unfavorable to appellant, he did not file a new notice of appeal within thirty

–3–

days of that date. Further, his September 2, 2014 notice of appeal cannot be considered a premature notice of appeal, *see* TEX. R. APP. P. 27.1(b), because the notice of appeal does not in any way contemplate the subsequent entry of a nunc pro tunc order vacating the July 22, 2014 nunc pro tunc order. *See* TEX. R. APP. P. 25.2(c) (form and sufficiency of notice of appeal). Thus, we conclude appellant has not timely appealed the trial court's November 4, 2014 nunc pro tunc order.

Finally, appellant's complaint that the trial court has not granted him all of his back time credit, which he asserts he sought by motion for judgment nunc pro tunc, is not appealable. While a nunc pro tunc order is appealable, the denial of a nunc pro tunc order is not appealable. *See Abbott*, 271 S.W.3d at 697 (no rule or statutory or constitutional provision authorizing appeal from post-judgment order denying back time credit motion.)

For the reasons set forth above, we conclude we lack jurisdiction over the appeal. Accordingly, we grant the State's motion to dismiss the appeal.

We dismiss the appeal for want of jurisdiction.

Do Not Publish
TEX. R. APP. P. 47
141067F.U05

/Carolyn Wright/
_____
CAROLYN WRIGHT
CHIEF JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JIMMY DEWAYNE HILL, Appellant

No. 05-14-01067-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F09-53582-W.
Opinion delivered by Chief Justice Wright,
Justices Myers and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered May 18, 2015.